IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H. GUY JONES, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| ANGELA ZELMA MOORE | :: | CIVIL ACTION NO. |
| BROWN et al., | :: | 1:13-CV-528-TWT-LTW |
| Defendants. | :: | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the federal prison in Atlanta, Georgia. In this action, Plaintiff, pro se, seeks damages under 42 U.S.C. § 1983 regarding events that occurred in his divorce case in the Superior Court of Cobb County, Georgia (the "Cobb Superior Court"). (Doc. 1.) Plaintiff seeks that relief from his wife, the lawyer who represented his wife in the divorce case, and three judges on the Cobb Superior Court.[1] (*Id.*) The Court granted Plaintiff leave to proceed *in forma pauperis*, and the complaint is now ready for screening under 28 U.S.C. § 1915A.

---

[1] Plaintiff identifies his wife as "an innominate individual" known by several names. (Doc. 1 at 1-2.) Plaintiff refers to her as Donyale Lynn Duncan for purposes of this action. (*Id.* at 2.) The Court will refer to her as simply "Plaintiff's wife" in this Report and Recommendation.

## I. The 28 U.S.C. § 1915A Standard

Federal courts must screen a prisoner's complaint containing claims against governments or government officials to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

## II. Factual Allegations[2]

---

[2] The factual allegations in Plaintiff's complaint are presumed true for purposes of the § 1915A screening. The Court takes judicial notice of the adjudicative facts in the Cobb Superior Court's official record of Plaintiff's divorce case. *See* Fed. R. Evid. 201. In his prior action in this Court, Plaintiff submitted and relied upon some of those records, including Defendant Judge Ingram's March 31, 2011 order. *See* Response, *Jones v. Warren*, No. 1:11-cv-3974-TWT (N.D. Ga. Mar. 27, 2012), ECF No. 30-1 at 119-21. Plaintiff also cited extensively to the transcript of the March 30, 2011 hearing conducted by Judge Ingram, which also is in the record of the prior action. *See id.*, ECF No. 28-8 (transcript); *id.*, ECF No. 30 at 5-8 (Plaintiff's citation

In November 2010, Plaintiff and his wife dismissed their divorce action that was pending in the Cobb Superior Court. Plaintiff later presented the Cobb Superior Court with an order of dismissal, which that court entered on February 18, 2011.

On February 23, 2011, Defendant Brown, a lawyer who represented Plaintiff's wife, called Plaintiff and asked him if he was going to attend a hearing that day in the divorce case. Plaintiff did not know before that time that Brown represented his wife. Plaintiff told Brown that the divorce case had been dismissed. Brown told Plaintiff that she had reopened the case.

Defendant Judge Ingram of the Cobb Superior Court held a hearing on February 23, 2011 in the divorce case. *Jones*, No. 1:11-cv-3974-TWT, ECF No. 30-1 at 119-21 (Judge Ingram's Mar. 31, 2011 Order). Plaintiff was not at that hearing because, he contends, he never received notice of it until Brown called him on the day of the hearing. *Id.*, ECF No. 28-8, at 3-4 (Tr. of Mar. 30, 2011 hearing before Judge

---

to the transcript). Judge Fudger's April 26, 2012 order dismissing the divorce case is not in the record, but Plaintiff stated in his complaint that he meant for it to be an exhibit to his complaint. (Doc. 1 at 3.) Plaintiff also filed a motion to supplement his complaint, in which he directs the Court to the electronic docket of his divorce case on the Cobb Superior Court's internet website to obtain the orders and other filings. (Doc. 7.) The Court obtained a copy of Judge Fudger's order from that website and attached it to this Report and Recommendation. *See* Order, *Jones v. Duncan*, No. 10-1-9112-28 (Cobb Super. Ct. Apr. 26, 2012) ("Judge Fudger's Dismissal Order").

3

Ingram). Plaintiff was not in Georgia that day and could not attend the hearing.

At the February 23, 2011 hearing, Brown moved the court to reopen the divorce case, and Judge Ingram granted that motion orally at the hearing and later in writing (in her March 31, 2011 order). *Id.*, ECF No. 28-8, at 3-4; ECF No. 30-1 at 119-20. While Plaintiff disputes that he was given notice of the February 23, 2011 hearing, Plaintiff does not dispute – and indeed cannot dispute given that he was not at the hearing – that a motion to reopen the divorce case was made at the hearing.

Approximately two weeks later, Plaintiff received in the mail a notice of a hearing in the divorce case set for March 30, 2011. Judge Ingram also presided over that hearing. Judge Ingram noted at the hearing that the case had been dismissed in a prior term of court (February 18, 2011) and questioned her jurisdiction to proceed.[3] *Id.*, ECF No. 28-8, at 44-74. In her order reopening the case that was entered the next day, Judge Ingram noted she had jurisdiction because the motion to reopen made at the February 23, 2011 hearing was during the same term of court as the February 18, 2011 dismissal order. *Id.*, ECF No. 30-1 at 120.

Brown told Judge Ingram at the March 30, 2011 hearing that she personally

---

[3] The terms of court for the Cobb Superior Court begin on the second Monday in January, March, May, July, September, and November. O.C.G.A. § 15-6-3(11).

mailed an answer and counterclaim (the "responsive pleading") on behalf of Plaintiff's wife several days before the dismissal order was entered on February 18, 2011.[4] Judge Ingram found, based on Brown's representations as an officer of the court, that the responsive pleading should be accepted and the case reopened. Thus, Judge Ingram vacated the dismissal order and reopened the divorce case in her March 31, 2011 order.

Plaintiff contends that Brown lied to the Cobb Superior Court about mailing the responsive pleading before the dismissal order was entered on February 18, 2011.

---

[4] This allegation by Plaintiff is inconsistent with the transcript of the March 30, 2011 hearing. As previously noted, Plaintiff relied extensively on that transcript in his prior case in this Court, and he again relies on it in his complaint in this case. (Doc. 1 at 5 ("A transcript of the proceedings of the 30 March 2011 hearing were produced and confirm precisely all of the averments made by Plaintiff.").) The transcript reflects that Brown told Judge Ingram at the start of the March 30, 2011 hearing that "we filed our answer the same day that the Court filed the dismissal." *Jones*, No. 1:11-cv-3974-TWT, ECF No. 28-8 at 3. In response, Plaintiff told Judge Ingram that his wife had claimed to have filed "an answer or something on the 18th of last year or the 20th" and that there was no record of any such filing in 2010. *Id.* at 5. When Plaintiff later questioned his wife about that, under oath, she testified that she "[f]iled an answer and counterclaim [on] February 18th of 2011." *Id.* at 41. Thus, the hearing transcript reflects no dispute that the responsive pleading was not filed with the Cobb Superior Court until February 18, 2011, the same day the case was dismissed. What was disputed at the hearing was whether Plaintiff's wife gave him, in early February, a rule nisi noticing the February 23, 2011 hearing. *Id.* at 4, 44-74.

Plaintiff presented his evidence of Brown's alleged lies to Judge Ingram at a hearing in May 2011, but Judge Ingram refused to consider it.

Plaintiff then filed a motion to recuse Judge Ingram from the divorce case. Defendant Judge Flournoy, the Chief Judge of the Cobb Superior Court, held a hearing on the motion, but did not rule on it. Chief Judge Flournoy ordered Plaintiff to pay $2,500 to his wife and Brown, apparently for litigation costs and/or attorney fees. Over the next few months, every judge on the Cobb Superior Court recused from the divorce case, including Defendant Judge Staley. Before her recusal, Judge Staley conducted a hearing at which Plaintiff unsuccessfully argued that the divorce case had been fraudulently reopened.

Senior Judge Arthur Fudger of the Superior Court of Paulding County, who is not a defendant in this action, was assigned to preside over the divorce case after the Cobb Superior Court judges recused.[5] In April 2012, Judge Fudger held a hearing and dismissed the case because the February 18, 2011 dismissal order was filed before the responsive pleading (as reflected by the Cobb Superior Court's date and time stamp

---

[5] According to Judge Fudger, the Cobb judges recused because of a "spurious lawsuit seeking punitive damages" that Plaintiff filed against Judges Ingram and Flournoy in the Cobb Superior Court. (Judge Fudger's Dismissal Order at 1.)

6

on those documents).[6] (*See* Judge Fudger's Dismissal Order). Plaintiff contends that "[t]he finality of that ruling allows [him] to come before this Court and sue Defendants for the injury caused him by the Defendants." (Doc. 1 at 9.)

Plaintiff contends that Brown committed fraud on the Cobb Superior Court by lying about the filing date of the responsive pleading to reopen the divorce case. Plaintiff claims that Brown thus violated his "Due Process Right to a fair trial by using her license as an attorney, membership in the Georgia Bar, her position as an officer of the court and even as a pro hac vice judge of the State Court of Cobb County." (*Id.* at 6.) Plaintiff also contends that although he does not know why his wife conspired with the other Defendants, she is nevertheless "equally liable for Her role in the violations of Plaintiff's Constitutional rights." (*Id.* at 10.)

Plaintiff alleges the Defendant judges violated his rights by knowingly proceeding with divorce proceedings over which they knew they had no jurisdiction and, in the case of Chief Judge Flournoy, by not recognizing the lack of jurisdiction and preventing further proceedings. Plaintiff also alleges the "judges knew or should

---

[6] Plaintiff states that Judge Fudger dismissed the case "nunc pro tunc as of 18 February 2011." (Doc. 1 at 3.) Judge Fudger's order, however, simply states: "the above captioned case is HEREBY DISMISSED with all costs assessed to Plaintiff." (Judge Fudger's Dismissal Order at 2).

have known that they had no jurisdiction to preside over a case they knew or should have known was fraudulent." (*Id.*) Plaintiff seeks $190,269 in compensatory damages, which he says represents his legal expenses in the divorce case and his business losses, and $4,756,725 in punitive damages.[7]

## III. Analysis

Plaintiff's claims against the Defendant judges are barred by judicial immunity. Judges are absolutely immune from a suit for damages challenging their performance of functions associated with the judicial phase of legal proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The judicial acts Plaintiff complains of in this case were judicial functions, i.e., orders issued by the Defendant judges in a divorce case in the Cobb Superior Court. Those judicial acts are protected under the immunity doctrine so long as the judges had jurisdiction to take those acts.

---

[7] As previously noted, this is not the first federal action Plaintiff has filed regarding his divorce case. Plaintiff filed a habeas action in this Court after he was jailed for violating a protective order that was entered when the divorce case was reopened. *See Jones*, No. 1:11-cv-3974-TWT, ECF No. 36. In the habeas action, Plaintiff asked the Court to enjoin the divorce case and free him from jail. *See id.* The Court denied Plaintiff relief, as did the U.S. Court of Appeals for the Eleventh Circuit. *Id.* ECF Nos. 38, 58. The Court noted Plaintiff's repeated claims "that his wife and her lawyer lied to the state court in the divorce action, and [that] he is relentlessly determined to find a court that will so find." *Id.*, ECF No. 36 at 6. Plaintiff affirmed that he is "'relentlessly determined' to have justice." *Id.*, ECF No. 37 at 25.

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks omitted); *see Mireles v. Waco*, 502 U.S. 9, 12 (1991) (there must be a "complete absence of all jurisdiction" to overcome immunity for judicial actions).

The "jurisdiction" referred to here is subject-matter jurisdiction, i.e., the power vested in the judge and the court on which she sits to adjudicate the type of case at issue. *Stump*, 435 U.S. at 356-57 & n.7; *Drees v. Ferguson*, 396 F. App'x 656, 658 (11th Cir. 2010) ("A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." (citing *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985))). Georgia's Constitution vests in the superior courts "exclusive jurisdiction over . . . divorce cases." Ga. Const. art. 6, § 4, ¶ I. Georgia's Supreme Court has recognized that "[t]he superior courts possess subject matter jurisdiction in divorce, alimony and child support cases." *Katz v. Katz*, 366 S.E.2d 766, 767 (Ga. 1988); *see Worrell v. Worrell*, 247 S.E.2d 847, 848-49 (Ga. 1978)

(observing in a divorce case that "[s]ubject-matter jurisdiction means jurisdiction of the class of cases to which a particular case belongs").

A Georgia superior court has subject-matter jurisdiction to reopen a case that was closed in a previous term of court if a motion to reopen was filed during the term of court in which the case was closed. *Goode v. O'Neal, Banks & Assocs., Inc.*, 300 S.E.2d 191, 191-92 (Ga. Ct. App. 1983). "As our [Georgia] Supreme Court has held, a motion to set aside made during the term of court in which the judgment was entered extends the court's power to modify the judgment beyond the expiration of that term, with or without notice to either party." *Feazell v. Gregg*, 607 S.E.2d 253, 255-56 (Ga. Ct. App. 2004) (citing *Ammons v. Bolick*, 210 S.E.2d 796 (Ga. 1974) and *Goode*); *see also Morgan v. Starks*, 447 S.E.2d 651, 653 (Ga. Ct. App. 1994) (superior courts also have jurisdiction to reopen cases closed in a prior term pursuant to a motion under O.C.G.A. § 9-11-60).

As discussed in Part II, above, Plaintiff's divorce case was closed on February 18, 2011, which was during the Cobb Superior Court's January term, and was reopened on March 30, 2011, during that court's March term. A motion to reopen the case was made at the February 23, 2011 hearing, which was during the January term. Because that motion was made during the same term in which the case was closed, the

Cobb Superior Court (and, thus, Judge Ingram), had subject-matter jurisdiction to grant that motion and reopen the case. *See Feazell*, 607 S.E.2d at 255-56. That is so even if Plaintiff did not have notice of the February 23, 2011 hearing or the motion to reopen the case. *See id.*

Plaintiff's allegations that Judge Ingram wrongly – or even fraudulently – decided that the divorce case should be reopened do not change the jurisdictional analysis. *See Stump*, 435 U.S. at 356-57; *Mireles*, 502 U.S. at 13 (holding that state trial judge who allegedly authorized and ratified police officers' use of excessive force against a lawyer may have acted in excess of his authority, but did not act "in the absence of [subject-matter] jurisdiction"). "That [s]he may have incorrectly concluded that [the divorce case should be reopened] . . . does not affect the fact that it was within [her] power to make that determination." *See Dykes*, 776 F.2d at 947. Because Plaintiff's complaint and the records of the divorce case upon which he relies demonstrate that the Cobb Superior Court had subject-matter jurisdiction to reopen the divorce case, the Defendant judges are immune from Plaintiff's claims against them.[8]

---

[8] Judge Fudger also found that the Cobb Superior Court judges had jurisdiction in the divorce case and, thus, were immune from the suit for damages Plaintiff filed in that court: "Had the suit against the Judges not been dismissed by consent, it would have been dismissed by judicial immunity." (Judge Fudger's Dismissal Order at 2.)

*See Ysais v. New Mex. Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1192 (D.N.M. 2009) (holding that state judge was immune from suit regarding her reopening of child custody case, issuance of a restraining order, and refusal to recuse because she had jurisdiction to take those judicial actions).

Plaintiff has not stated a viable claim against his wife or Brown because his allegations do not support a finding that either of those Defendants acted under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted). A private party acts under color of state law only if she performs functions "traditionally the exclusive prerogative of the state," she is "coerced or at least significantly encouraged" by the state to take action violating the Constitution, or where "the state has so far insinuated itself into a position of interdependence with [her] . . . that it was a joint participant in the enterprise." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quotation marks omitted). Plaintiff's allegations do not support a plausible finding that his wife's or Brown's actions in the divorce case were taken under color of state law under any of those tests.

Plaintiff's allegation against his wife is simply that she "conspired with the other Defendants." (Doc. 1 at 10.) "The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Plaintiff's allegations that his wife and Brown successfully persuaded Judge Ingram to reopen the divorce case by making false statements at court hearings do not support a plausible finding that those three individuals conspired to do anything, much less that they conspired to violate Plaintiff's federal constitutional rights.[9] *See id.* ("Obviously, being on the winning side of a lawsuit does not make a defendant a co-conspirator or a joint actor with the judge who presided over the case."); *see NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990) (a conspiracy exists only where

---

[9] Even assuming a conspiracy, Plaintiff has not shown how his wife or Brown violated his federal constitutional right to due process or equal protection, the only constitutional rights he mentions in his complaint. *See NAACP*, 891 F.2d at 1563 ("The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy."). Plaintiff was provided a hearing before the divorce case was reopened, at which he presented evidence and argued that the case should not be reopened. Plaintiff was provided further process: additional hearings before the three Defendant judges and Judge Fudger and an appeal to the Georgia Supreme Court. Moreover, nothing in the record supports a finding that Plaintiff was denied equal protection under the law, i.e., that the challenged actions were taken because of his race or some other constitutionally protected right.

the private and public parties "reached an understanding to deny the plaintiff his or her rights" (quotation marks omitted)). Plaintiff's allegations are that his wife and Brown duped Judge Ingram into reopening the divorce case, not that they covertly conspired with her to reopen the case or to take any action after it was reopened. (*See* Doc. 1 at 6-7 (alleging that Brown "committed fraud upon the state trial court in an effort to fraudulently reopen a divorce action," hid her lie "over the next fifteen months, . . . persisted in her fruad [sic] on the state trial court," and "[d]espite numerous opportunities to . . . tell the truth, [she] never did").)

Plaintiff's allegations that Brown was an officer of the court and a part-time judge do not support a finding that Brown acted under color of state law when she represented Plaintiff's wife in the divorce case. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see United States v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (holding that appointed defense lawyers do not act under color of law in representing their clients); *Nelson v. Stratton*, 469 F.2d 1155, 1155 (5th Cir. 1972) (same as to retained lawyers). Plaintiff's claims are based on the actions Brown took as a private lawyer representing a private individual in a civil court action, not actions Brown took in any other role

or capacity. Plaintiff's allegations do not support a plausible finding that the challenged actions were taken under color of state law.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A. Plaintiff's motion to supplement his complaint [7] is **GRANTED**.

**SO ORDERED & RECOMMENDED**, this 15 day of April, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)